U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 0 4 2018

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| MANUEL DURAN ORTEGA | DOCKET NO: 1:18-CV-00508 |
| VERSUS | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, ET AL. | JUDGE DEE D. DRELL<br>MAG. JUDGE PEREZ-MONTES |

## JUDGMENT

Before the court is the Report and Recommendation of the Magistrate Judge (Doc. 29) recommending that Manuel Duran Ortega's §2243 *habeas corpus* petition be denied and dismissed with prejudice. Having conducted an independent (*de novo*) review of the record, including, but not limited to Duran Ortega's objection (Doc. 25) and the *amici curiae* brief filed in support (Doc. 29), the court adopts the Report and Recommendation for the reasons set forth herein.

Duran Ortega raises the following errors in his objection to the Report and Recommendation:

1. Duran Ortega's claims of retaliatory arrest for exercise of his First Amendment rights, and suppression of freedom of the press are cognizable in *habeas*.

2. Duran Ortega was not lawfully detained (by the Shelby County Sheriff) pursuant to the ICE detainer request or any other statutory mandate. The ICE detainer was not accompanied by a warrant, and the Sheriff was not required by statute to detain Duran Ortega.

3. The Magistrate Judge erred by not granting an evidentiary hearing.

Additional objections filed by *Amici* are that:

1. The Report and Recommendation erred in stating Duran Ortega is precluded from raising a First Amendment retaliation claim because ICE had probable cause to arrest and detain Duran Ortega.

2. The Report and Recommendation errs in stating rhetorically that the First Amendment retaliation claim is not a ground for release from detention in a *habeas* petition; and

3. The Report and Recommendation did not distinguish between Duran Ortega's claims of retaliation and claims arising out of suppression of the ongoing exercise of his right to freedom of speech and press.

Duran Ortega was arrested by the Memphis Police Department while participating in a protest outside of the Shelby County jail on April 3, 2018. He was initially detained by the Shelby County Sheriff on the misdemeanor charge of obstruction of a highway and disorderly conduct. The misdemeanor charges were dropped on April 5, 2018, but Duran Ortega was further detained by the Shelby County Sheriff and transferred to the custody of Immigration and Customs Enforcement ("ICE") based on an order of detention issued by ICE on April 3, 2018.

Duran Ortega is currently detained by ICE and is awaiting a decision from the Board of Immigration appeals regarding his appeal from the immigration judge's denial of his "Motion to Reopen *In Abstentia*." (Doc. 11-1 p.2, and 11-2).

I. <u>Duran Ortega's *habeas* claims against the Shelby County Sheriff and Memphis Police Department are moot.</u>

Duran Ortega contends his First Amendment retaliation and freedom of the press claims are cognizable in *habeas*.

He contends his April 3, 2018, arrest was in retaliation of engaging in political journalism activities; his detention by the Shelby County Sheriff on the ICE detention order was unlawful; and, the Magistrate Judge erred by not granting him an evidentiary hearing on these matters. His sole claim for relief is release from detention.

Duran Ortega's claims are based upon conduct undertaken by the Memphis Police Department and the Shelby County Sheriff; yet, neither the Memphis Police Department nor the Shelby County Sheriff were named as respondents in this action. Even if they were named as

2

respondents, the relief sought is not available as he is no longer in the custody of either the Memphis Police Department or the Shelby County Sheriff and there are no state charges pending against him.

"[T]he essence of *habeas corpus* is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). "Whether the petitioner has been placed in physical confinement by executive direction alone, or by order of a court, or even by private parties, *habeas corpus* was the proper means of challenging that confinement and seeking release." Id. See Salgado v. Federal Bureau of Prisons, 220 Fed.Appx. 256, 257 (5th Cir. 2007) (an action is rendered moot when the court cannot grant relief requested by the moving party) citing Brown v. Resor, 407 F.2d. 281, 283 (5th Cir.1969), *cert.* den. 399 U.S. 933 (1970)). Because Duran Ortega is no longer in custody for the Tennessee misdemeanor charges and those charges have been dismissed, this court does not have jurisdiction to relieve those charges under the *habeas* statute. See Parker v Fort Worth Police Dept., 980 F.2d 1023, 1025 (5th Cir.1993) (citing Maleng v. Cook, 480 U.S. 490-91 (1989) (the *habeas corpus* statute requires that the *habeas* petitioner be "in custody" under the conviction or sentence (or charges) under attack at the time his petition is filed)).

Therefore, Duran Ortega's objections to the Report and Recommendation, based upon things done or not done by the Shelby County Sheriff and/or the Memphis Police Department, are not properly before this court and, insofar as *habeas* relief is sought, are moot.

II. <u>Duran Ortega has not carried his burden of proving he is being detained by ICE in violation of the United States Constitution or law.</u>

Duran Ortega asks this court to release him from ICE custody because the Memphis Police Department arrested him without probable cause and his detention by the Shelby County Sheriff

for 48 hours was unlawful. Duran Ortega contends his current detention by ICE "flows from" his previous illegal arrest and detention by the Memphis Police Department and Shelby County Sheriff.

Duran Ortega does not contend a final order of removal doesn't exist or that he isn't attempting to challenge his removal order in this Court.[1] Therefore, he does not contend he is being improperly detained by ICE pursuant to some kind of flawed final order of removal. Instead, he argues that, but for his allegedly improper arrest on April 3, 2018, and subsequent detention by the Memphis Police Department and Shelby County Sheriff, he would not have been detained by ICE. Duran Ortega is not asking for release pending removal pursuant to Zadvydas v. Davis, 533 U.S. 678-, 688 (2001) but is asking to be released because he should never have been arrested for protesting in retaliation for exercising his First Amendment rights to free speech and freedom of the press.

Duran Ortega was ordered removed in 2006; therefore, ICE had probable cause to arrest and detain him at any appropriate time. That probable cause is independent of his claims of retaliation and constitutional violations by the state agencies. ICE's current detention of Duran Ortega is not somehow invalidated by whatever occurred on April 3, 2018 nor is it affected by his allegations of retaliation. Regardless of Duran Ortega's belief, the ICE detainer was not executed with retaliatory animus, the removal order was properly entered long before his arrest on April 3, 2018, and we find ICE officials did not err in issuing either it or the April 5, 2018, order of detention.

Finally, Duran Ortega's argues that he lived "openly" in the United States since 2006 (when the removal order was entered against him) and that ICE didn't "bother" to look for him. Neither

---

[1] District courts do not have jurisdiction to review removal orders. See The Real ID Act of 2205, P.L. 109-13, 2005 HR 1268; 8 U.S.C. §1252(a)(5).

4

argument has a basis in law, and, not to mention, both belie common sense. If Duran Ortega was living "openly" in 2006, he would have attended his removal proceedings and not left Atlanta for Memphis where he managed to elude arrest for the last 12 years. The final removal order was properly entered, so ICE had the right to arrest and detain him at any time.

Cited in support of *Amici's* argument that the Magistrate Judge erred in finding Duran Ortega's First Amendment retaliation claims were precluded because ICE had probable cause to arrest and detain him, is the recent Supreme Court case of Lozman v. City of Rivera Beach, Florida, 138 S.Ct. 1946 (2018). *Amici's* reliance upon Lozman is misplaced. Lozman is a civil rights case in which the Supreme Court held that "in the unique class of retaliatory arrest" claims, a plaintiff in a civil claim for damages need not prove the absence of probable cause if he can prove the existence and enforcement of an "official municipal policy" motivated by retaliation. Id. at 1954-55. Duran Ortega's matter before this court is neither a claim for damages for violation of civil rights nor is it one alleging retaliatory criminal prosecution (for which the Court stated probable cause is still a bar). Id. at 1953. Thus, it is in no way instructive in this case where Duran Ortega was arrested on his final order of removal. Both the law and common sense dictate that there is no basis upon which to find a retaliatory arrest or prosecution.

*Amici* further argue the Magistrate Judge erred in noting, rhetorically, that First Amendment retaliation is not a ground for release from detention in a *habeas* petition. As the remark was rhetorical, as acknowledged by *Amici*, it is ignored by us it does not affect the recommendation or the outcome of the case.

Finally, *Amici* contend the Magistrate Judge failed to distinguish between Duran Ortega's claims of retaliation and claims arising out of suppression of the ongoing exercise of his right to freedom of speech and press. Since all of those claims are moot, any distinction is unnecessary.

5

Based upon the foregoing, it is

**ORDERED** that Duran Ortega's *habeas corpus* petition is **DENIED** and **DISMISSED** with prejudice.

**SIGNED** this _____ day of September, 2018, at Alexandria, Louisiana.

JUDGE DEE D. DRELL
UNITED STATES DISTRICT COURT